IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RONALD D. MORGAN,<br>*Plaintiff,*<br>v.<br>TOWN OF MINERAL, ET AL.,<br>*Defendants.* | CASE NO. 3:11-cv-00065<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff Ronald Morgan ("Plaintiff"), who is proceeding *pro se*, filed his complaint in this action on October 12, 2011. Thereafter, on December 29, 2011, Defendants filed a motion to dismiss, in part for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and in part for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties have fully briefed the motion, and the matter was set for a hearing on May 7, 2012. However, a hearing is not necessary.[1] For the reasons that follow, I will grant Defendants' motion to dismiss.

### I. BACKGROUND

Plaintiff's complaint contains a tangle of factual allegations, which at this stage I accept as true. While the claims asserted by Plaintiff are many and varied, they all essentially arise from the demolition of his auditorium building by Defendant Town of Mineral (the "Town"). The Town determined that the auditorium, which was adjacent to the old Mineral Elementary

---

[1] Because the facts and legal contentions are adequately presented in the materials before the Court, oral argument would not aid the decisional process; accordingly, the motion will be decided without holding a hearing. *See* W.D. Va. Civ. R. 11(b) ("In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.").

School building that Plaintiff also owns, was a public nuisance and safety hazard. Plaintiff contends that the Town's determination that the auditorium constituted a public nuisance was insufficiently substantiated.

Invoking authority supplied by the Town of Mineral Code (the "Town Code") and the Virginia Code, the Town demanded by letter on February 16, 2006, that Plaintiff "remove, repair or secure" the auditorium because of "imminent health and safety concerns." Plaintiff maintains that after receiving the letter, he endeavored to halt the nuisance conditions on his property, but that the Town subsequently failed to inspect the auditorium for compliance with its abatement request. Some unspecified period of time after Plaintiff took steps to remedy the alleged nuisance, the Town Council adopted a resolution of non-compliance that enabled the Town to proceed with steps to remove the nuisance in light of Plaintiff's purported failure to sufficiently abate it himself. According to Plaintiff, the resolution contained falsehoods and was therefore inadequate. Nevertheless, demolition commenced on October 12, 2006, and was completed on October 14, 2006. When Plaintiff failed to reimburse the Town for the cost of razing the auditorium, the Town placed a lien on the remaining school property owned by Plaintiff and also attached assets in Plaintiff's bank accounts.[2]

On October 14, 2008, Plaintiff filed a complaint in the Circuit Court of the County of Louisa seeking compensatory and punitive damages related to the demolition of his property. Plaintiff subsequently amended his complaint on June 12, 2009.[3] In so doing, Plaintiff brought a cause of action pursuant to 42 U.S.C. § 1983, alleging that the defendants, acting under color of

---

[2] Defendants represent that the Town is still seeking recoupment of costs pursuant to the Virginia Code for demolition of the auditorium in a pending state case in the Circuit Court of the County of Louisa.

[3] In his amended complaint, Plaintiff named all of the same defendants as he has named in the instant matter with the exception of the Town attorney, Defendant John Maus, who is named in the case at hand but was not named in the state court action.

- 2 -

state law, deprived him of his procedural and substantive due process rights as well as his right to equal protection of the laws. Additionally, Plaintiff sought an order voiding the lien on his property and the attachment of his bank account assets. Finally, Plaintiff asked the circuit court to declare portions of the Town Code and the Virginia Code unconstitutional.

On December 1, 2009, the circuit court granted the defendants' demurrers to all claims in Plaintiff's amended complaint and dismissed the case with prejudice. Plaintiff appealed, but, on April 30, 2010, the Supreme Court of Virginia dismissed his petition for having been untimely filed. And on June 18, 2010, the Supreme Court of Virginia denied Plaintiff's petition for rehearing. Similarly, the Supreme Court of the United States denied Plaintiff's petition for a writ of certiorari on December 13, 2010, and his petition for rehearing on February 22, 2011.

On July 28, 2011, in the Circuit Court of the County of Louisa, Plaintiff filed a new complaint, this time for "compensation based on inverse condemnation, taking of property by unlawful trespass, and dismissal of defendants' claim for compensation," which, incidentally, is the same way Plaintiff styles his complaint in the instant matter. Additionally, I observe that the defendants named by Plaintiff were the same as the Defendants he has named in the action presently before me. On October 13, 2011, the day after he filed his complaint in the case at hand, Plaintiff moved to take a voluntary nonsuit without prejudice of the state court action, which the circuit court granted on October 24, 2011.

In the instant matter, Plaintiff's central claim, asserted against the Town, its leadership and administrators, and its counsel (collectively, "Defendants"), is one for just compensation under the Fifth Amendment to the United States Constitution. Additionally, Plaintiff arguably alleges under 42 U.S.C. § 1983 that Defendants violated the due process clause of the Fourteenth Amendment to the United States Constitution by failing to provide him with adequate pre- and

post-deprivation hearings in connection with the demolition of his property. Finally, Plaintiff asserts supplemental state law claims.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal of a claim based on a lack of subject matter jurisdiction. Whether a court retains subject matter jurisdiction over an action is an issue that can be raised at any time. *United States v. Beasley,* 495 F.3d 142, 147 (4th Cir. 2007). Indeed, if at any time a court determines that it is without subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A court considering a motion to dismiss pursuant to Rule 12(b)(1) must accept as true all material factual allegations in the complaint and must construe the complaint in favor of the plaintiff. *Warth v. Seldin,* 422 U.S. 490, 501 (1975); *see also Falwell v. City of Lynchburg*, 198 F.Supp.2d 765, 772 n.6 (W.D. Va. 2002). However, when considering a challenge to the factual basis for subject matter jurisdiction, "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). A court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment," but "[t]he moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

## B. Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In taking up a Rule 12(b)(6) motion, a court must, as it would upon consideration of a motion to dismiss pursuant to Rule 12(b)(1), accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When, as is arguably the case here, a motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint alleging a civil rights violation, a court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Federal Takings Claim

In Count I of his complaint, which he styles as "failure to compensate plaintiff for taking his property," Plaintiff endeavors to state an inverse condemnation claim for compensatory damages against Defendants. In other words, Plaintiff seeks just compensation under the Fifth Amendment to the United States Constitution. However, the Court lacks subject matter jurisdiction over this claim.

As this Court has previously summarized:

> "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until [1] the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue," and [2] the property owner has sought "compensation through the procedure the State has provided for doing so."

*Express Carwash of Charlottesville, L.L.L.P. ex rel. Weinschenk v. City of Charlottesville*, 320 F. Supp. 2d 466, 470 (W.D. Va. 2004) (quoting *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 194 (1985)) (alterations in original). While there is no dispute as to the first of these elements, I agree with Defendants that the second ripeness prong has not been met.

In Virginia, property owners who are aggrieved by a taking may file an inverse condemnation action pursuant to Virginia's declaratory judgment statute. *See Richmeade, L.P. v. City of Richmond*, 594 S.E.2d 606, 607 (Va. 2004) (citing Va. Code § 8.01-184). "If they prevail, they may obtain a court order requiring that the relevant governmental body comply with Virginia's established procedures for determining compensation." *Presley v. City of Charlottesville*, 464 F.3d 480, 490 (4th Cir. 2006) (citing Va. Code § 8.01-187).

In his first state court action, Plaintiff did not assert a claim for inverse condemnation or seek just compensation for a taking under the Fifth Amendment (or the Constitution of Virginia). Rather, in addition to state law causes of action, Plaintiff brought suit against Defendants under 42 U.S.C. § 1983 for depriving him of his federal substantive and procedural due process rights as well as his right to equal protection of the laws.[4] While it is true that Plaintiff brought an inverse condemnation action in the second state court case he filed, Plaintiff voluntarily non-suited that action in favor of proceeding in this Court.[5] Thus, Plaintiff has yet to be denied just compensation in state court. Consequently, Plaintiff has failed to meet a prerequisite to proceeding on a just compensation claim in federal court. *See Williamson*, 473 U.S. at 194 n.13 ("[B]ecause the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing [such a claim].").

"Failure to satisfy the *Williamson* ripeness requirements is fatal to the presence of federal court subject matter jurisdiction for a claim founded on the Fifth Amendment Just Compensation Clause." *Greenspring Racquet Club, Inc. v. Baltimore Cnty.*, Nos. 99-2444, 00-1012, 2000 WL 1624496, at *3 (4th Cir. Oct. 31, 2000) (citing *Front Royal & Warrant Cnty. Indus. Park Corp.*

---

[4] Although they were not attached to Plaintiff's complaint, the pleadings in the previous state court litigation may be considered at this stage for the purpose of the motion to dismiss and without having to convert that motion into one for summary judgment. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (per curium) ("[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed.").

[5] Plaintiff maintains that he non-suited the action on the basis of his belief that the Circuit Court of the County of Louisa has a bias in favor of the government and "lacks a fundamental appreciation of the individual's constitutional rights . . . ." First, I find no basis whatsoever for such an inflammatory suggestion. Second, this Court does not, as Plaintiff intimates, sit for the sole purpose of reviewing state court judgments and orders. Third, the rationale behind Plaintiff's choice to voluntarily non-suit the action is essentially irrelevant to the effects of his decision to do so. Fourth, to the extent Plaintiff was dissatisfied with the order entered by the circuit court in his first action, the proper course for seeking redress was to perfect an appeal to the Supreme Court of Virginia, which Plaintiff failed to do by filing his petition for appeal outside of the time allotted for doing so.

*v. Town of Front Royal*, 135 F.3d 275, 283 (4th Cir. 1998)). Because Plaintiff's just compensation claim is undeniably premature, no case or controversy presently exists, and the Court is without subject matter jurisdiction over that claim. Therefore, I will grant Defendants' motion to dismiss Plaintiff's federal takings claim pursuant to Rule 12(b)(1).[6]

### B. Federal Procedural Due Process Claims under 42 U.S.C. § 1983

In his complaint, Plaintiff does not include a count explicitly alleging violations of his federal procedural due process rights pursuant to 42 U.S.C. § 1983. However, because Plaintiff is proceeding *pro se*, his complaint merits liberal construction, and there are several instances in which he refers to Defendants' failures to provide him with adequate pre- and post-deprivation hearings. Additionally, in his complaint, Plaintiff invokes § 1983 as a basis of federal court jurisdiction.[7] Therefore, it is fair to construe Plaintiff's complaint as alleging § 1983 claims for violations of the Fourteenth Amendment by Defendants.[8] However, these claims, to the extent Plaintiff asserts them, are time-barred.

---

[6] Because I lack subject matter jurisdiction over Plaintiff's federal takings claim, the inquiry into whether he can proceed on that claim in this Court ends there. However, I briefly note that not every government seizure of privately owned land entitles the property owner to just compensation. *See Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 492 n.22 (1987) ("Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by . . . abating a public nuisance."); *Lee v. City of Norfolk*, 706 S.E.2d 330, 338 (Va. 2011) ("The law is well settled that the abatement of a nuisance by a public body is not a compensable taking.").

[7] In his brief in opposition to Defendants' motion to dismiss, Plaintiff states that his "claim in this Court is not based on a violation of civil rights violation [sic] under 42 U.S.C. § 1983 but on Inverse Condemnation and Trespassing, injury to property, instead of violation of civil rights . . . ." (Emphasis in original). In light of the many instances in Plaintiff's complaint in which he mentions due process and references Defendants' failures to provide him with pre- and post-deprivation hearings, I do not construe this quoted portion of Plaintiff's brief as an unequivocal disclaimer that he is not asserting *any* claims under § 1983. Rather, I infer that Plaintiff was endeavoring to make clear that as opposed to his first state court action, his action in this Court seeks just compensation for Defendants' alleged inverse condemnation of his property, and that that claim is brought under the Fifth Amendment alone as opposed to under § 1983.

[8] "Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands." *Soldal v. Cook Cnty.*, 506 U.S. 56, 70 (1992). In the instant case, the alleged Fifth Amendment and Fourteenth Amendment violations, though arising out of the same facts and circumstances, have different legal elements. The Fifth Amendment prohibits the taking of property without just compensation, whereas the Fourteenth Amendment prohibits the deprivation of property without due process of law. Thus, "there is no danger that one

- 8 -

Case 3:11-cv-00065-NKM-BWC Document 29 Filed 05/04/12 Page 8 of 11 Pageid#: 358

"There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.3d 733, 735 (4th Cir. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–80 (2004)). For personal injury claims, Virginia has a two-year statute of limitations. Va. Code § 8.01-243(A). Although the limitations period for § 1983 actions is borrowed from state law, "the question of when a cause of action *accrues* under [ ] § 1983 remains one of federal law." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Such an action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

According to Plaintiff, the property deprivation that took place in this case was set in motion on October 12, 2006, the date on which demolition of the auditorium commenced. Thus, it was on that date that Plaintiff's cause of action accrued, and Plaintiff concedes as much. Plainly, an action under § 1983 for the deprivation of Plaintiff's auditorium without due process is time-barred in light of the fact that five years passed between the date on which such an action accrued and the date on which Plaintiff filed his complaint in the instant matter.

Nevertheless, Plaintiff relies in part on Virginia Code § 8.01-229(E) to argue that his present action has been filed within the limitations period. That section provides that

> if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code § 8.01-229(E)(1). As it concerns any § 1983 claims, however, Plaintiff is incorrect; the foregoing provision does not save such claims from being time-barred. Even assuming,

---

constitutional provision will subsume the other, even if a single set of facts provides the basis for a cause of action under both." *Presley v. City of Charlottesville*, 464 F.3d 480, 485 (4th Cir. 2006).

*arguendo,* that Plaintiff's initial state court action, which contained federal procedural due process claims, was timely initiated,[9] Plaintiff's own admissions indicate that he filed his complaint on the last day of the applicable two-year time period. Accordingly, even if I were to further assume that the circuit court's order dismissing all of Plaintiff's claims with prejudice was not an adjudication on the merits, § 8.01-229(E)(1) would still only serve to preserve the viability of Plaintiff's claims for the remainder of the applicable limitations period, which in this case would amount to no time at all in light of Plaintiff's filing on the last possible day. Therefore, to the extent Plaintiff has brought federal procedural due process claims pursuant to § 1983 for the deprivation of his auditorium, those claims are decidedly time-barred.

For the aforementioned reasons, and pursuant to Rule 12(b)(6), I will dismiss Plaintiff's construed federal procedural due process claims under § 1983 as time-barred.[10]

### C. State Law Claims

Absent a surviving federal claim, Plaintiff is left only with state law claims. In light of the fact that there is no basis for diversity jurisdiction in this matter, I will exercise my discretion to dismiss a case in which all federal claims have been dismissed and only state law claims remain. 28 U.S.C. § 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

---

[9] The circuit court found that all of Plaintiff's § 1983 claims asserted against the individual defendants in his first state court action were time-barred. I have no reason to question the validity or soundness of the circuit court's determination. Indeed, I assume that Plaintiff's § 1983 claims were timely filed in that action solely for the purposes of argument.

[10] A statute of limitations defense may properly be raised on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Palo v. Liebig Int'l, Inc.*, No. 91-2670, 1992 WL 225826, at *1 (4th Cir. Sept. 16, 1992).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss shall be granted. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this  4th  day of May, 2012.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE